NOT DESIGNATED FOR PUBLICATION

Nos. 127,114
127,115

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PEREZ DEANGELO SMITH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Atchison District Court; JOHN W. FRESH, judge. Submitted without oral argument. Opinion filed January 16, 2026. Vacated in part and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Sherri L. Becker*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., HURST, J., and JACOB PETERSON, District Judge, assigned.

PER CURIAM: Perez Deangelo Smith appeals his sentence after he entered a global plea agreement related to charges in multiple cases. Smith argues the district court erred when it failed to give him jail credit against both of his consecutive sentences for time spent incarcerated pending disposition of his cases. The State does not dispute that Smith was entitled to additional jail credit in one of the pending cases, although it makes unrelated arguments disputing Smith's claims.

1

This court finds the State's arguments unavailing. The district court erred by failing to award Smith with jail credit in case No. 22CR155, and therefore this case is remanded with directions.

FACTUAL AND PROCEDURAL BACKGROUND

On August 25, 2022, the State filed seven criminal counts against Smith in case 22CR155, including felony possession of methamphetamine, interference with law enforcement, possession of drug paraphernalia, and driving while suspended. After being charged in 22CR155, Smith had four periods of incarceration in county jail between August 2022 and May 2023. In the last incident, Smith was temporarily released to secure personal items related to his Mother's recent death, but he failed to return within eight hours as directed.

About two months later, on July 14, 2023, law enforcement officers located Smith and while arresting him, found methamphetamine in his pocket. The State charged Smith in case No. 23CR151 with felony possession of methamphetamine and possession of drug paraphernalia. Relevant to this appeal, Smith remained incarcerated after his arrest on July 14, 2023.

The parties later reached a global plea agreement related to Smith's pending charges, which included both 22CR155 and 23CR151. Pursuant to the agreement, Smith pled guilty to possession of methamphetamine in each case—one count in 22CR155 and one count in 23CR151. Also under the agreement, Smith pled guilty to charges of interference with law enforcement and driving while suspended in 22CR155. On October 6, 2023, the district court accepted Smith's plea and set the matter over for sentencing. Consistent with the parties' agreement, the district court dismissed the remaining counts in each case in addition to all charges in a third case—22TR226.

2

On November 17, 2023, the district court sentenced Smith under the global plea agreement and applied special rules 10 and 26, which created a presumptive prison sentence and mandated that the sentences be served consecutively. The court denied Smith's motion for dispositional departure seeking probation. The district court imposed the presumptive sentence of 20 months' incarceration for the possession charge in each case to be served consecutively. The district court also sentenced Smith to 12 months in jail in 22CR155 and ordered the sentence be served concurrently with the prison sentence for the possession conviction in the same case. Altogether, Smith faced a controlling sentence of 40 months in prison for 22CR155 and 23CR151.

The district court awarded Smith 27 days of jail credit in 22CR155 for the time he spent in jail from August 24, 2022, until September 4; September 28 until October 5; December 9 until December 12; and May 16, 2023, until May 19—the day Smith was released on the short furlough to retrieve personal items. The district court also awarded Smith 126 days of jail credit in 23CR151 for the time Smith spent in jail from his arrest on July 14, 2023, until November 17, 2023—the day of Smith's sentencing.

Smith appealed, and this court ordered the cases consolidated under case No. 127,114.

DISCUSSION

Smith makes just one claim on appeal—that the district court erred when it failed to award him 126 days of jail credit in 22CR155. The State concedes that Smith was entitled to the 126 days of jail credit in 22CR155 but claims Smith's argument is somehow undercut because the district court erred in awarding him 126 days of jail credit in 23CR151. However, Smith does not raise a claim related to the jail credit award in 23CR151, and the State fails to assert a cross-appeal related to the jail credit award in that case, making the State's argument of no consequence to this appeal. See K.S.A. 60-

3

2103(h); *Lumry v. State*, 305 Kan. 545, Syl. ¶ 2, 553-54, 385 P.3d 479 (2016) (appellee must file a cross-appeal before it may present adverse rulings to the appellate court).

Smith did not raise this jail credit challenge in the district court, and generally this court does not review unpreserved claims—but there are well recognized exceptions to that general prohibition. See *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021) (recognizing exceptions under which the appellate court exercises prudential authority to review unpreserved claims). Smith alleges that two exceptions permit this court's review of this unpreserved claim—first, that the issue involves only a question of law on admitted facts; and second, that the issue requires resolution to prevent the denial of a fundamental right. Smith is correct: this case involves only a question of law—one that has recently been the subject of much discussion—on undisputed facts. Therefore, this court will review the issue.

Without considering the State's improper argument related to the district court's jail credit award in 23CR151, there are no disputed facts regarding the legal question at issue here—whether the district court erred in its jail credit award in 22CR155. Smith claims he was entitled to 126 more days of jail credit for the time he spent incarcerated after his July 14, 2023 arrest until his sentencing in 22CR155 and 23CR151 pursuant to the global plea agreement. The parties do not dispute that Smith was facing charges in 22CR155 at the time of his arrest in July 2023, nor do they dispute that Smith was incarcerated from his arrest until sentencing under the global plea agreement. Thus, Smith's claim hinges on whether he is legally entitled to jail credit in 22CR155 for that time of incarceration.

The right to jail credit is statutory and determined by the law in effect at the time the crime was committed. See *State v. McLinn*, 307 Kan. 307, 337, 409 P.3d 1 (2018) (sentencing in accordance with the law in effect at the time of commission of the criminal act); see also *State v. Mitchell*, 66 Kan. App. 2d __, 579 P.3d 970, 977-78 (2025)

4

(holding that the defendant's jail credit was governed by the statute in effect at the time he committed the crimes). In August 2022—the time Smith committed the crimes associated with 22CR155—the jail credit statute provided that the confinement sentence should be computed to "reflect . . . an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2022 Supp. 21-6615(a). In the past several years, the Kansas Supreme Court has clarified this statute's meaning. See, e.g., *State v. Hopkins*, 317 Kan. 652, 652, 657, 537 P.3d 845 (2023); *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025).

In *Hopkins*, the Kansas Supreme Court held that "[a] defendant is entitled to jail time credit against his or her sentence for *all* time spent incarcerated while the defendant's case was pending disposition." (Emphasis added.) 317 Kan. 652, Syl. So, according to the *Hopkins* decision, Smith was entitled to jail credit for his entire time incarcerated while his case was pending, even if the incarceration did not relate to that specific case. See 317 Kan. at 652 ("[W]e hold that the award of credit under K.S.A. 2022 Supp. 21-6615[a] is not limited to time spent 'solely' in custody for the charge for which the defendant is being sentenced."). While this appeal was pending, the Kansas Supreme Court further clarified that under the relevant statutory language, a defendant is entitled to jail credit earned "'pending the disposition of the defendant's case,'" regardless of whether the defendant received an allowance for some or all that time against a sentence in another case. *Ervin*, 320 Kan. at 311-12. Therefore, when a defendant is incarcerated and has multiple pending cases, and those cases are sentenced consecutively (as occurred here), the defendant is entitled to jail credit toward the sentence in each pending case. See 320 Kan. at 311.

On April 16, 2025, this court directed the parties to show cause why the matter should not be immediately remanded to the district court with directions to award additional jail credit to Smith based on the *Ervin* decision. Smith timely responded, arguing that *Ervin* was controlling and remand was appropriate. The State responded it

had "no objection to the defendant being awarded 153 days of credit in [22CR155]," but it again argued Smith was wrongly awarded 126 days of credit in 23CR151 because he was never held in custody on the case. The State's argument regarding Smith's jail credit in 23CR151 is not a defense to Smith's claim for jail credit in 22CR155. Therefore, it appears the State concedes Smith is entitled to additional jail credit in 22CR155.

CONCLUSION

The district court erred when it failed to award Smith jail time credit in 22CR155 for all days he spent incarcerated pending the disposition of that case. See *Ervin*, 320 Kan. at 312. Accordingly, the district court's jail credit award is vacated and the case is remanded to the district court for entry of an amended journal entry of judgment crediting Smith with all days he was incarcerated pending disposition of case 22CR155 or for a hearing as necessary.

Vacated in part and remanded with directions.